UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. BELINDA TRAVIS,<br><br>    Plaintiff,<br>    v.<br><br>JOHN F. POTTER, et al.,<br><br>    Defendants. | 1: 03-CV-5800-SMS<br><br>ORDER CONSTRUING MOTION FOR HEARING AS A REQUEST TO SUBMIT LATE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND TO HAVE AHEARING ON THE MOTION (DOC. 26)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO FILE LATE OPPOSITION AND TO BE HEARD ON THE MOTION (DOC. 26)<br><br>ORDER DIRECTING THE CLERK TO RETURN THE COLLECTIVE BARGAINING AGREEMENT TO PLAINTIFF |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.

I. Background

On July 18, 2005, Defendants filed a motion for summary judgment that was set for hearing on September 9, 2005. Plaintiff failed to file timely opposition to the motion. On September 2, 2005, a week before the hearing date, the Court issued an order noting Plaintiff's failure to file timely opposition to

1

Defendants' motion for summary judgment and stating that Plaintiff was not entitled to be heard in opposition to the motion at a hearing. This is pursuant to Local Rule 78-230(c), which specifically provides that no party will be entitled to be heard in opposition to a motion at oral argument if opposition to the motion has not been timely filed by that party. The Court further found that pursuant to Local Rule 78-230(h), the Defendants' motion for summary judgment was a matter that might appropriately be submitted upon the record and briefs, including the Defendants' notice of motion, memorandum of points and authorities, statement of undisputed facts, declarations, and exhibits submitted in support of the motion. The Court vacated the hearing on the motion and deemed the matter submitted for decision.[1]

II. Untimely Opposition

On September 9, the day on which the hearing would have taken place had it not been vacated, Plaintiff filed a "Motion for Hearing," in which she addressed briefly the points raised in Defendant's motion for summary judgment. The Court CONSTRUES this motion TO BE a request to file untimely opposition and a request for hearing on the motion.

No showing of cause for the tardy filing accompanied this filing. However, a copy of a collective bargaining agreement was submitted with the filing.

A court has broad discretion to interpret and apply its local rules. Dulange v. Dutro Construction, Inc., 183 F.3d 916,

---

[1] The docket reflects that a copy of this order has been served on Plaintiff.

919 n. 2 (9th Cir. 1999). Local Rule 78-230 requires that opposition to a motion be filed not less than fourteen days preceding the hearing date and served not less than fourteen or seventeen days (personal service, or electronic and mail, respectively) preceding the hearing date. The Court in its discretion may refuse to consider matters that are not timely filed as a result of inexcusable neglect, <u>Cusano v. Klein</u>, 264 F.3d 936, 950-51 (9th Cir. 2001) (not considering evidence submitted late in response to a motion for summary judgment); further, Local Rule 78-230(c) expressly provides that a party will not be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. In an informational order served on Plaintiff on March 30, 2004, Plaintiff was expressly informed of the requirement to follow the Local Rules and that all time deadlines would be strictly enforced, and that requests for extensions must precede the deadline and must contain a statement of the reason for the request. <u>See</u> <u>also</u> Local Rule 6-144.

Considering all the circumstances, the Court finds that no good cause has been shown for an extension, and the Court DENIES Plaintiff's request for leave to file untimely opposition.

Further, the Clerk IS DIRECTED to return to Plaintiff the collective bargaining agreement, which appears to have been submitted as part and parcel of the untimely response to Defendant's motion.

III. <u>Request for Hearing</u>

Plaintiff entitled the document filed on September 9, 2005, a "Motion for Hearing." Plaintiff states that her witnesses have

3

1 not testified in her behalf.

2     In the informational order of March 2004, the nature of
3 summary judgment proceedings, and the type of opposition required
4 to be filed in response to such a motion, were explained to
5 Plaintiff. The motion presently before the Court concerns whether
6 or not an issue of material fact exists and whether Defendants
7 are entitled to judgment as a matter of law; such a motion does
8 not constitute a full trial of the action on the merits at which
9 Plaintiff may present witnesses to prove her case. Only after the
10 Court determines Defendants' motion for summary judgment will it
11 be known whether or not Plaintiff is entitled to a trial on the
12 merits of the controversy.

13     The Court has previously determined that the matter is one
14 which may be submitted on the papers. Plaintiff has not shown any
15 basis for changing the Court's determination, and Plaintiff is
16 not entitled to be heard in opposition to the motion.

17     Accordingly, Plaintiff's request for a hearing on the motion
18 IS DENIED.

19

20 IT IS SO ORDERED.

21 **Dated:   September 14, 2005**            **/s/ Sandra M. Snyder**
icido3                                 UNITED STATES MAGISTRATE JUDGE

4