UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELINDA M. TRAVIS, et al., ) | 1:03-CV-05800-SMS |
| ) Plaintiff, ) | ORDER DENYING REQUEST FOR COUNSEL |
| v. ) | (DOC. 8) |
| ) | |
| JOHN E. POTTER, et al., ) | |
| ) Defendants. ) | |
| ) | |

    Plaintiff is proceeding with a civil action in this Court. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), and the case has been assigned to the Magistrate Judge to conduct all further proceedings, including trial and the entry of a final judgment.

    On January 5, 2004, Plaintiff filed a first amended complaint. Contained within the complaint on the last page was a request for an attorney. Plaintiff stated that she could not afford to hire an attorney, had tried to find an attorney but had not been successful, and requested the appointment of counsel. The request was not noted in the title of the document or set for a hearing. The request was not signed under penalty of perjury, and Plaintiff gave no details regarding her efforts to hire

1

1  counsel.

2      Although Plaintiff's request was not properly before the
3  Court, in an abundance of caution, the Court will consider
4  Plaintiff's request.

5      The Court may request an attorney voluntarily to represent a
6  person proceeding in forma pauperis who is unable to afford
7  counsel. 28 U.S.C. § 1915(d). Appointment of counsel by the Court
8  in such circumstances is discretionary, not mandatory. <u>United
9  States v. $292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir.
10 1995). Appointment may be made if a court finds that there are
11 exceptional circumstances after evaluating the likelihood of
12 success on the merits and the ability of the party to articulate
13 her claims pro se in light of the complexity of the legal issues
14 involved; the factors must be viewed together. <u>Terrell v. Brewer</u>,
15 935 F.2d 1015, 1017 (9th Cir. 1991) (citing <u>Wilborn v. Escalderon</u>,
16 789 F.2d 1328, 1331 (9th Cir. 1986)).

17     Here, this Court cannot require an attorney to represent
18 plaintiff. <u>Mallard v. United States District Court for the
19 Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). Without a
20 reasonable method of securing and compensating counsel, this
21 court will seek volunteer counsel only in the most serious and
22 exceptional cases.

23     In light of the failure of Plaintiff to make any showing
24 regarding the merits of her case, the Court cannot make a
25 determination that Plaintiff is likely to succeed on the merits.
26 <u>Terrell</u>, 935 F.2d at 1017. Further, despite Plaintiff's
27 assertions to the contrary, Plaintiff's claims are not
28 particularly complex, and only one party defendant is involved.

1  Plaintiff has proceeded with this action since the filing of the
2  first amended complaint without raising the issue of
3  representation by counsel; it does not appear that Plaintiff is
4  incapable of prosecuting this action. To the contrary, Plaintiff
5  appears to be capable of articulating her claims pro se.
6      In the present case, the court does not find the required
7  exceptional circumstances. Even if it is assumed that Plaintiff
8  is not well versed in the law and has made serious allegations
9  which, if proved, would entitle her to relief, his case is not
10 exceptional.
11     Accordingly, Plaintiff's motion for the appointment of
12 counsel, filed January 5, 2004, IS DENIED.
13 IT IS SO ORDERED.
14 **Dated:    January 20, 2006**             /s/ Sandra M. Snyder
   icido3                              UNITED STATES MAGISTRATE JUDGE